IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2010

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 10-cv-00090-BNB

LIONEL KERSH, the Vigilance Law Committee Leader,

    Applicant,

v.

WARDEN RICHARD SMELER, American Conspiracy Participant, and
JOHN SUTHERS, American Conspiracy Participant,

    Respondents.

## ORDER TO FILE SECOND AND FINAL AMENDED APPLICATION

Applicant, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. On January 5, 2010, he submitted a letter to the Court, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

These documents submitted on January 5 were labeled with Mr. Kersh's civil rights action initiated pursuant to 42 U.S.C. § 1983. *See Kersh v. State of Colo.*, No. 09-cv-02621-ZLW (D. Colo. Feb. 3, 2010), *appeal dismissed*, No. 10-1015 (10th Cir. Feb. 17, 2010). Because the Court construed these documents to be a new habeas corpus action, Magistrate Judge Boyd N. Boland on January 15, 2010, directed the clerk of the Court to commence a new civil action with the documents that were filed on January 5 in No. 09-cv-02621-ZLW (document nos. 6, 7, and 8).

On February 16, 2010, after being directed to cure a deficiency in the original habeas corpus application, Mr. Kersh filed an amended application. On February 19, 2010, Magistrate Judge Boland granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Kersh's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kersh will be ordered to file a second and final amended application.

Mr. Kersh appears to be attacking his conviction in Denver District Court in *People v. Kersh*, No. 07CR2985, despite the fact that he attaches to the amended application documents dating from 1992 concerning his medical treatment. Mr. Kersh's filings are otherwise unintelligible and exceedingly difficult to read.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended application Mr. Kersh has filed, as well as his other handwritten papers, are difficult to read because they are barely legible and single-spaced. The second amended application Mr. Kersh will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

The second amended application also should comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of*

*Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

*Pro se* status does not relieve Mr. Kersh of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Conclusory allegations without supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Kersh to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Mr. Kersh must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Kersh has failed to meet the requirements of Fed. R. Civ. P. 8, D.C.COLO.LCivR 10.1, and Rule 4 of the Section 2254 Rules. The application fails to provide a short and plain statement of his claims that is legible to read and shows he is entitled to relief. Mr. Kersh will be directed to file a second and final amended

application that complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 10.1, and Rule 4 of the Section 2254 Rules. In the amended application, Mr. Kersh is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Kersh may not refer to or rely upon attachments or documents external to his second and final application to explain his asserted claims or to provide support for the asserted claims. Accordingly, it is

ORDERED that Applicant, Lionel Kersh, **within thirty days from the date of this order**, file a second and final amended application that complies with this order. It is

FURTHER ORDERED that Mr. Kersh's second and final amended application shall be titled, "Second and Final Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kersh, together with a copy of this order, two copies of the following form to be used in filing the second and final amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Kersh fails within the time allowed to file a second and final amended application as directed, the amended application will be denied and the action will be dismissed without further notice.

DATED February 24, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00090-BNB

Lionel Kersh
Prisoner No. 143312
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

 I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 2/24/10

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk