FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 05 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00090-BNB

LIONEL KERSH, Vigilance Committee Leader and Conspiracy Participant,

Applicant,

v.

WARDEN ROBERT SMELER, Conspiracy Participant, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN
    WILLIAM SUTHERS,

Respondents.

ORDER OF DISMISSAL

Applicant, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. On January 5, 2010, he submitted a letter to the Court, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The documents submitted on January 5 were labeled with Mr. Kersh's civil rights action initiated pursuant to 42 U.S.C. § 1983. *See Kersh v. State of Colo.*, No. 09-cv-02621-ZLW (D. Colo. Feb. 3, 2010), *appeal dismissed*, No. 10-1015 (10th Cir. Feb. 17, 2010). Because the Court construed these documents to be a new habeas corpus action, Magistrate Judge Boyd N. Boland, on January 15, 2010, directed the clerk of the Court to commence a new civil action.

On February 16, 2010, after being directed to cure a deficiency in the original habeas corpus application, Mr. Kersh filed an amended application. On February 19, 2010, Magistrate Judge Boland granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 24, 2010, Magistrate Judge Boland ordered Mr. Kersh to file within thirty days a second and final amended application that, if handwritten, was double-spaced and legible. Magistrate Judge Boland also informed Mr. Kersh that the second amended application must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with Rule 4 of the Rules Governing Section 2254 Cases. On March 16, 2010, Mr. Kersh filed his second amended application.

The Court must construe Mr. Kersh's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110.

Mr. Kersh appears to be attacking his conviction in Denver District Court in *People v. Kersh*, No. 07CR2985. He asserts three claims. As his first claim, he asserts that "[i]nvisible human robot conspiracy participants forced me into robbing those three small business[es]." Second amended complaint at 5. As his second claim, he alleges that "American conspiracy participants transported me from down below on earth to this outerspace earth planet at the age of 13." *Id.* at 6. As his third claim, he contends that "[t]here was way beyond injustice in every court room I went in Denver County Courts" and that "[e]verybody in the Denver city and county building are

[sic] invisible participating in this premeditated worldwide conspiracy plot against me." *Id.*

Despite the fact that Mr. Kersh's handwritten second amended application is single spaced and nearly unreadable, the second amended complaint will not be dismissed for failure to comply with D.C.COLO.LCivR 10.1E. and G. In addition, despite the fact that the asserted claims and supporting allegations are "fantastic and delusional," *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992), the second amended application will not be dismissed as factually frivolous. Instead, the second amended application will be dismissed for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with Rule 4 of the Rules Governing Section 2254 Cases.

In the order for a second and final amended complaint, Magistrate Judge Boland informed Mr. Kersh that the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Magistrate Judge Boland also informed Mr. Kersh that, pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." He further explained that Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland warned Mr. Kersh that his *pro se* status does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim can be based. **See Fogle v. Pierson**, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). He also warned Plaintiff that conclusory allegations without supporting factual averments are insufficient to state a claim. **Hall**, 935 F.2d at 1110.

In addition, Magistrate Judge Boland explained that Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Kersh to go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He pointed out that Mr. Kersh must clearly allege his claims, and he must allege specific facts to support each asserted claim. He further pointed out that naked allegations of constitutional violations are not cognizable in a habeas corpus action. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Kersh has failed to comply with the directives of the February 24 order for a second amended application because he has failed to meet the requirements of Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. The application fails to provide a short and plain statement of his claims showing that he is entitled to relief. Therefore, the second amended application will be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules.

Because Mr. Kersh's asserted claims and supporting allegations are "fantastic and delusional," the Court could have dismissed this action as factually frivolous under

*Denton*, 504 U.S. at 32, but opted not to do so because such a dismissal would prejudice him. If the second amended application had been denied and the action dismissed as factually frivolous, any § 2254 action Mr. Kersh may initiate in the future would be considered a second or successive § 2254 action. As a result, he would have to obtain authorization from the United States Court of Appeals for the Tenth Circuit before this Court could consider the second or successive application.

However, if Mr. Kersh initiates other § 2254 actions with fantastic and delusional allegations, those actions will be dismissed as factually frivolous. Finally, the Court notes that the time during which this § 2254 application has been pending does not toll the one-year limitation period in § 2244(d). **See *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)** (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). Accordingly, it is

ORDERED that the second and final amended application filed by Applicant, Lionel Kersh, is dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with Rule 4 of the Rules Governing Section 2254 Cases. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __2nd__ day of __April__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

22

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00090-BNB

Lionel Kersh
Prisoner No. 143312
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/5/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk